

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*PHILIP R. SELLINGER*  *401 Market Street, Fourth Floor*
*United States Attorney*  *Camden, New Jersey 08101-2098*

*DANIEL A. FRIEDMAN*  *Phone: 856-757-5026*
*Assistant United States Attorney*  *Email:  daniel.friedman2@usdoj.gov*

October 4, 2024

Rocco Cipparone, Jr., Esquire
157 Bridgeton Pike, Suite 200-320
Mullica Hill, New Jersey 08062

      Re:     <u>**Plea Agreement with Michael Sigall**</u>

Dear Mr. Cipparone,

     This letter sets forth the plea agreement between your client, Michael Sigall and the United States Attorney for the District of New Jersey ("this Office").  This offer will expire on October 31, 2024, if it is not accepted in writing by that date.  If Michael Sigall does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

     **This plea agreement is contingent upon the approval by the Department of Justice, Tax Division.**

## Charges

     Conditioned on the understandings specified below, this Office will accept a guilty plea from Michael Sigall to an Information charging him with two counts of aiding and assisting in the preparation and presentation of false tax returns, in violation of 26 U.S.C. § 7206(2), for tax years 2022 and 2023.  If Michael Sigall enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Michael Sigall for aiding and assisting the filing of false and fraudulent income tax returns for tax years 2015 through 2023, provided that: (1) Michael Sigall admits under oath at the time of his plea to aiding and assisting the filing of false and fraudulent income tax returns for tax years 2015 through 2023; and (2) this conduct and any uncharged or dismissed counts is taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or 1B1.3(a).

     If a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Michael Sigall even if the applicable statute of limitations period for those charges expires after Michael Sigall signs this agreement, and Michael Sigall agrees not to assert that any such charges are time-barred.

## **Sentencing**

The violations of 26 U.S.C. § 7206(2) to which Michael Sigall agrees to plead guilty each carry a statutory maximum prison sentence of 3 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence on Counts One and Two may run consecutively to each other and to any other prison sentence Michael Sigall is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Michael Sigall is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Michael Sigall ultimately will receive.

Further, in addition to imposing any other penalty on Michael Sigall, the sentencing judge as part of the sentence:

(1)   will order Michael Sigall to pay an assessment of $200 ($100 per count), pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)   may order Michael Sigall to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)   may order Michael Sigall, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)   may order Michael Sigall to pay the costs of prosecution; and

(5)   pursuant to 18 U.S.C. § 3583, may require Michael Sigall to serve a term of supervised release of not more than one year per count, which will begin at the expiration of any term of imprisonment imposed. Should Michael Sigall be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Michael Sigall may be sentenced to not more than one year imprisonment per count, which could be ordered to be served consecutively, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## **Restitution**

Pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663(a)(3), Michael Sigall agrees to pay full restitution for all losses caused by the offense of conviction and relevant conduct to the Internal Revenue Service ("IRS"). The tax loss, before application of any penalties or assessments, is:

| Tax Year | Tax Loss |
|---|---:|
| 2018 | $5,937 |
| 2019 | $18,641 |
| 2020 | $1,716,562 |
| 2021 | $4,081,288 |
| 2022 | $4,535,072 |
| 2023 | $6,288,086 |
| **TOTAL** | **$16,621,008** |

The restitution amount shall be paid according to a payment plan established by the Court. If the Court orders Michael Sigall to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). Michael Sigall does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Michael Sigall's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Michael Sigall understands that such restitution will be included in the Court's Order of Judgment and an unanticipated amount of a restitution order will not serve as grounds to withdraw Michael Sigall's guilty plea.

Michael Sigall further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Michael Sigall fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Michael Sigall has intentionally failed to disclose assets on his Financial Disclosure Statement, Michael Sigall agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Michael Sigall by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Michael Sigall's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Michael Sigall will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these

stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Michael Sigall waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

Michael Sigall understands that, if Michael Sigall is not a citizen of the United States, Michael Sigall's guilty plea to the charged offense will likely result in Michael Sigall being subject to immigration proceedings and removed from the United States by making Michael Sigall deportable, excludable, or inadmissible, or ending Michael Sigall's naturalization. Michael Sigall understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Michael Sigall wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Michael Sigall's removal from the United States. Michael Sigall understands that Michael Sigall is bound by this guilty plea regardless of any immigration consequences. Accordingly, Michael Sigall waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Michael Sigall also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Michael Sigall. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Michael Sigall.

No provision of this agreement shall preclude Michael Sigall from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Michael Sigall received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Michael Sigall and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: Daniel A. Friedman
Assistant U.S. Attorney
District of New Jersey

APPROVED:

Jason M. Richardson
Attorney-In-Charge, Camden

I have received this letter from my attorney Rocco Cipparone, Jr., Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver of appeal and post-sentencing rights, restitution, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                          Date: 12/18/2024
MICHAEL SIGALL

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver of appeal and post-sentencing rights, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                          Date: 12-18-2024
ROCCO CIPPARONE, JR., ESQUIRE

6

Plea Agreement with Michael Sigall

Schedule A

1. This Office and Michael Sigall recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Michael Sigall nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2023 applies in this case.

3. The Guideline applicable to the offense is U.S.S.G. §§ 2T1.1, which references § 2T4.1. The parties agree that the tax loss is approximately $16,621,008, which is between $9,500,000 and $25,000,000, so the base offense level is 26. *See* U.S.S.G. § 2T4.1(K).

4. As of the date of this letter, Michael Sigall has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Michael Sigall's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, it is expected that Michael Sigall will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Michael Sigall's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Michael Sigall enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Michael Sigall's acceptance of responsibility has continued through the date of sentencing and Michael Sigall qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Michael Sigall's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. If Michael Sigall establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level.

7. Accordingly, the parties agree that the total Guidelines offense level applicable to Sieff Michael Sigall ("Total Offense Level") is:

   a. 23, if Michael Sigall does not meet the criteria in U.S.S.G. § 4C1.1; or

   b. 21, if Michael Sigall meets the criteria in U.S.S.G. § 4C1.1, because Michael Sigall would deserve a 2-level reduction under that provision.

8. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

9.  If the term of imprisonment does not exceed 57 months, and except as specified in the next paragraph below, Michael Sigall will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel.  The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 37 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge.  The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

10. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

   a. Any proceeding to revoke the term of supervised release.

   b. A motion to reduce the term of imprisonment under 18 U.S.C.§ 3582(c)(1)(A).

   c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).